IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| NEY LEASING CORPORATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CARGILL MEAT LOGISTICS SOLUTIONS, INC., f/k/a WISPAK TRANSPORT, INC., <br><br> Defendant. | No. C09-1051 <br><br> RULING ON MOTION TO STRIKE |

This matter comes before the Court on the Motion to Strike Plaintiff's Statement of Material Disputed and Undisputed Facts and Appendix (docket number 29) filed by the Defendant on August 17, 2010, and the Resistance (docket number 35) filed by the Plaintiff on August 20, 2010. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS

This case pends on the Complaint (docket number 1) filed by Plaintiff Ney Leasing Corporation, Inc. ("NLC") on November 20, 2009.[1] NLC seeks judgment against Defendant Cargill Meat Logistics Solutions, Inc. ("Cargill"), arising from the lease of 58 trailers. A non-jury trial is scheduled before the undersigned magistrate judge on November 8, 2010.

On July 9, 2010, Cargill timely filed a Motion for Summary Judgment (docket number 22). NLC filed its resistance (docket number 28) and supporting documents on August 9, 2010. Among other things, NLC filed a "Statement of Material Disputed and Undisputed Facts," together with an Appendix. *See* docket numbers 28-2 and 28-3.

---

[1] NLC's motion to amend the complaint (docket number 24) is pending.

1

On August 17, 2010, Cargill filed the instant motion to strike. Cargill asserts that NLC's statement of facts fails to comply with Local Rule 56.b, its appendix fails to comply with Local Rule 56.e, and the Affidavit of Marvin Ney fails to comply with FEDERAL RULE OF CIVIL PROCEDURE 56(e).

## *II. DISCUSSION*

The potential summary disposition of a case is governed by FEDERAL RULE OF CIVIL PROCEDURE 56. In pertinent part, the rule provides that in resisting a motion for summary judgment, a party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." FED. R. CIV. P. 56(e)(1).

To aid the court in determining whether summary disposition of a case is appropriate, district courts "may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (quoted with approval in *Northwest Bank and Trust Co. v. First Illinois Nat'l. Bank*, 354 F.3d 721, 725 (8th Cir. 2003)). In this district, the rules governing submission of a motion for summary judgment, or resisting such a motion, are found in Local Rule 56. Among other things, a resisting party must respond to the movant's statement of material facts. Moreover, the resisting party must file "[a] statement of additional material facts that the resisting party contends precludes summary judgment." Local Rule 56.b.3. The local rules require the resisting party to provide references supporting the allegations of additional material facts.

> Each individual statement of additional material fact must be concise, numbered separately, and supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the statement, with citations to the appendix containing that part of the record.

Local Rule 56.b (second unnumbered paragraph).

2

NLC's statement of facts consists of 161 paragraphs. The first 59 paragraphs mirror the 59 paragraphs found in an affidavit signed by Marvin Ney. While each of the numbered paragraphs in the statement of facts does not specifically cite the corresponding numbered paragraph in Ney's affidavit, the "reference" supporting the allegation is apparent from a review of the two documents. The next 87 paragraphs of the statement of facts reference the deposition testimony of ten witnesses. As required by Local Rule 56.b, each of the paragraphs cites to that portion of NLC's appendix supporting the allegation. The final 15 paragraphs of the statement of facts refer to "deposition exhibits or other documents." Again, each numbered paragraph refers to that part of NLC's appendix supporting the allegation.

In organizing its statement of additional facts, NLC chose to group the allegations according to the author, rather than chronologically, by subject matter, or in some other manner. While this may or may not be the most efficient or helpful way to organize the facts, the Court cannot say that it fails to comply with Local Rule 56.b. That is, regarding each of the allegations, the Court and Cargill are directed to that part of the record which NLC claims supports the allegation.

Cargill argues, however, that Ney's affidavit, and the corresponding statements of additional facts, are largely "irrelevant, compound, argumentative, inaccurate and speculative." Cargill asserts that Ney's affidavit fails to comply with FEDERAL RULE OF CIVIL PROCEDURE 56(e), which requires an affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matter stated."

While some of Ney's affidavit is objectionable, some of it is not. As Cargill notes, Local Rule 56.e provides that "[o]nly those portions of materials necessary for a determination of the motion are to be included in an appendix." Cargill argues that NLC's lengthy statement of facts includes "trivial facts" and other irrelevant information. With a few exceptions, however, Cargill fails to state with specificity those allegations which it believes are not necessary for a determination of the summary judgment motion. The Court is mindful that this case is factually complex and it is reluctant, without a detailed

3

review of the record, to declare at this time any portion of NLC's statement of facts is unnecessary.

However, portions of Ney's affidavit, and NLC's corresponding statement of additional facts, are argumentative or otherwise go beyond the scope of Ney's personal knowledge. Perhaps the most obvious example is paragraph 50:

> There is no indication in any records produced or otherwise provided by Cargill as to how 6 of these trailers ended up in local scrap yards. It appeared that those six still had the license plates attached to them, which Ney Leasing has been paying for on an annual basis. It is clearly improper to scrap trailers without providing title to the same, but that is what has happened in the case of these six trailers. Presumably, the other 11 trailers that he was unable to locate have met the same fate.

*See* Plaintiff's Statement of Material Disputed and Undisputed Facts, ¶ 50 at 8 (docket number 28-2 at 8). The first 59 paragraphs of NLC's statement of facts cite Ney's affidavit as authority for the allegation. In his affidavit, however, Ney often makes broad assertions of fact without reference to any documents or supporting information. Many of Ney's assertions are simply comments on other evidence.

Cargill's motion to strike is not particularly helpful, however, in identifying the offending paragraphs. With a few exceptions, Cargill fails to identify specifically those paragraphs in Ney's affidavit, and the corresponding statement of facts, which it finds objectionable. Rather, Cargill suggests that "the Court should simply strike NLC's statement of facts and Appendix as violative of the Local Rules."

Compliance with Local Rule 56 is critical in the orderly submission of a motion for summary judgment. To establish those facts which are undisputed, and determine those facts which are legitimately in dispute, both parties must comply with the rules. If a party fails to comply with the local rules, the Court may, as an appropriate sanction, strike the resisting party's response. *Libel v. Adventure Lands of America, Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007). The Court finds, however, that NLC's non-compliance in this case is not so egregious as to justify the remedy sought by Cargill.

The Court concludes that those paragraphs contained in NLC's statement of additional facts, which are not concise, are not supported by an appropriate reference to the record, are simply comments on other evidence, or are otherwise irrelevant or argumentative will be stricken and Cargill will not be required to respond. Specifically, Cargill is not required to respond to – and the Court will not consider – paragraphs 20, 24, 28, 33, 37, 39, 41, 42, 44, 48, 49, 50, 51, 52, 53, 54, and 59.

ORDER

IT IS THEREFORE ORDERED that the motion to strike (docket number 29) filed by Defendant is GRANTED in part and DENIED in part as follows: Paragraphs 20, 24, 28, 33, 37, 39, 41, 42, 44, 45, 48, 49, 50, 51, 52, 53, 54, and 59 of Plaintiff's statement of material disputed and undisputed facts are hereby STRICKEN.

Defendant must respond to Plaintiff's statement of facts not later than September 9, 2010.

Dated August 30, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA