IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| NEY LEASING CORPORATION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CARGILL MEAT LOGISTICS SOLUTIONS, INC., f/k/a WISPAK TRANSPORT, INC.,<br><br>Defendant. | No. C09-1051<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT |

This matter comes before the Court on the Motion to Amend Complaint (docket number 24) filed by the Plaintiff on July 23, 2010, the Response (docket number 34) filed by the Defendant on August 18, 2010, and the Reply (docket number 36) filed by the Plaintiff on August 23, 2010. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## *PROCEDURAL HISTORY*

On November 20, 2009, Plaintiff Ney Leasing Corporation, Inc. ("NLC") filed a Complaint (docket number 1), seeking judgment against Defendant Cargill Meat Logistics Solutions, Inc. ("Cargill") on claims arising from the lease of 58 trailers. The Complaint is brought in six counts:

- Count I – entitled "Implied In Law Contract/Quasi or Constructive Contract/Restitution/Unjust Enrichment" – pertains to the first 53 trailers leased by Cargill. NLC asserts that because the written lease agreement between the parties expired, and was not renewed in writing, "[t]he dispute between the parties as described herein does not arise out of an express written or oral contract." NLC asserts that Cargill has retained possession

1

and use of the 53 trailers, without paying rent since November 23, 2004, and is unjustly enriched thereby.

- Count II – entitled "Breach of Implied In Fact Contract" – apparently applies to all 58 trailers. NLC asserts alternatively that "an implied in fact contract existed between Cargill and Ney between October 26, 2003 and the present time regarding the 58 trailers."[1]

- Count III – entitled "Breach of Express Written Contract" – applies only to the last five trailers rented, and only for the period between November 23, 2004 and December 2, 2005. NLC claims that Cargill breached an express written contract during that time period by failing to make timely rental payments on the five trailers.

- Count IV – entitled "Breach of Implied In Fact Contract" – also applies to the last five trailers rented, but addresses the time period between December 2, 2005 and the present. NLC asserts that by retaining possession and use of the five trailers, and by failing to pay rent for the trailers, Cargill has breached an "implied in fact contract."

- Count V – entitled "Implied In Law Contract/Quasi or Constructive Contract/Restitution/Unjust Enrichment" – applies to the last five trailers rented, and for the time period from December 2, 2005 "through the present time and continuing indefinitely into the future." NLC asserts alternatively that Cargill is unjustly enriched by its continued possession and use of the trailers, without compensation to NLC.

- Count VI – entitled "Conversion" – applies to all 58 trailers. NLC asserts that Cargill has "intentionally misappropriated or taken dominion and control over the property owned by Ney," thereby giving rise to damages.

---

[1] Elsewhere in Count II, however, NLC refers to "said 53 trailers."

2

On December 30, 2009, Cargill filed an Answer (docket number 5), admitting that it has retained possession of the trailers, but asserting that "it retained possession of the trailers in association with its agreement with NLC to purchase them." Cargill also asserted various affirmative defenses, including the statute of limitations, laches, estoppel, and failure to mitigate damages.

On January 25, 2010, the Court adopted a proposed Scheduling Order and Discovery Plan (docket number 10) submitted by the parties. Among other things, the parties agreed that a March 1, 2010 deadline would be established for amending the pleadings. In reliance on the deadlines established in the Scheduling Order, the case was set for trial to the Court on November 8, 2010.[2]

On May 7, 2010, Cargill filed a motion to continue the discovery deadline and dispositive motions deadline. The motion described the discovery already completed, including responses to interrogatories, exchange of documents, and seven depositions. The motion also detailed the discovery which remained uncompleted, and the need for the additional discovery. With NLC's consent, the Court extended the discovery deadline to June 18, 2010, and extended the dispositive motions deadline to July 9, 2010.

On July 9, 2010, Cargill timely filed a motion for summary judgment. That motion is still pending. On July 23, 2010, NLC filed the instant motion to amend its complaint.

## DISCUSSION

In its instant motion, NLC seeks to amend its complaint to add an additional count, alleging breach of an express oral agreement. NLC's proposed First Amended Complaint (docket number 24-1) is identical to its original complaint, with the addition of Count VII – entitled "Breach of Express Oral Lease Contract." Regarding the first 53 trailers rented, NLC asserts alternatively that in January or February 2004, the parties entered into "an express oral lease contract," providing that Cargill would retain possession of the trailers,

---

[2] The parties also consented to have the case referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(c), and Judge Edward J. McManus ordered that the case be referred to the undersigned magistrate judge.

continue to pay monthly rent, and "the parties would attempt at some later time to negotiate a sale of the trailers from Ney to Cargill." NLC asserts that while the parties did not specify the length of the lease term, "the lease term shall be for a reasonable period of time pursuant to Iowa Code § 554.13201(5)(c)."

NLC acknowledges that the deadline for amending the pleadings was March 1, 2010. The instant motion was filed on July 23, 2010, nearly five months after the deadline for amending the pleadings. NLC asserts, however, that good cause exists for amending the complaint out of time.

The Court has previously considered a similar issue in an action involving the same parties. In *Ney Leasing Corporation, Inc. v. Cargill Meat Logistics Solutions, Inc.*, 2:08-cv-01041-JSS (N.D. Iowa), the Court considered Cargill's motion to amend its answer to include a counterclaim.[3] The deadline for amending pleadings was June 1, 2009. On August 3, 2009, approximately two months after the deadline expired, Cargill filed a motion seeking to amend its answer and add an additional counterclaim. In denying Cargill's motion to amend its pleadings out of time, the Court summarized the applicable law as follows:

> Rule 15(a)(2) directs the Court to "freely give leave [to amend] when justice so requires." The United States Supreme Court has made it clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party does not, however, have an absolute or automatic right to amend. *United States v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir.2005). Balanced against the liberal amendment policy of Rule 15(a) is the Court's interest in enforcing its scheduling orders. Here, the Court established a June 1, 2009 deadline for motions to amend pleadings. Scheduling orders may be modified only for "good cause." FED. R. CIV. P. 16(b)(4). *See also* Local Rule 16.f ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will

---

[3] In the earlier action, NLC sued Cargill for amounts allegedly due on a truck lease. Cargill sought to amend its counterclaim to include a count relating to the trailer lease, which is the subject of the instant action.

be extended only upon written motion and a showing of good cause.").

"The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir.2008). That is, notwithstanding the liberal amendment provisions found in the FEDERAL RULES OF CIVIL PROCEDURE, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir.2008).

> Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).

*Sherman*, 532 F.3d at 716 (citing Popoalii ). *See also In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir.1999) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998)).

*Ney Leasing Corp., Inc. v. Cargill Meat Logistics Solutions, Inc.*, 2009 WL 2777019 (N.D. Iowa) at *2. The Court rejected Cargill's argument that it first learned after the deadline for amending the pleadings that Ney intended to bring a claim on the trailer lease. The Court noted that the issues raised by the trailer lease appeared to be distinct from those raised by the truck lease, and concluded that adding a counterclaim on the trailer lease "at this late stage of the case . . . would inevitably delay the trial." (Trial was scheduled for February 8, 2010, approximately six months after Cargill filed its motion for leave to amend.)

Here, NLC filed its motion to amend the complaint nearly five months *after* the deadline for amending pleadings, more than one month *after* the deadline for completion of discovery, two weeks *after* Cargill filed its motion for summary judgment, and just over

three months *before* the scheduled trial. NLC's proposed amendment is in direct contravention to its original complaint. That is, in its original complaint (and in its proposed amended complaint), NLC alleges in Count I that the dispute regarding the original 53 trailers "does not arise out of an express written or oral contract." In its proposed Count VII, however, NLC asserts that "Ney and Cargill agreed to and did in fact enter into an express oral lease contract" regarding the first 53 trailers.

NLC argues that good cause exists for an extension of the pleadings deadline because "testimony obtained during discovery revealed the existence of a telephone conversation between the parties in early 2004 that Ney Leasing contends forms the basis for an express oral lease contract."[4] The motion and supporting documents are silent, however, regarding whose testimony "revealed the existence" of the alleged oral agreement, when the testimony was first disclosed to NLC, or why NLC would not have had prior knowledge of an agreement which it allegedly entered into. When NLC filed its complaint in November 2009, it was presumably aware of an agreement which it allegedly entered into in early 2004. *See Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005) (finding that leave to amend was properly denied when the plaintiff "knew of the claims they sought to add when they filed the original complaint"). At the least, NLC was reminded of its alleged agreement in the depositions completed in early May 2010.[5] Nonetheless, NLC waited an additional two and one-half months – until after the discovery deadline had passed and Cargill had filed its motion for summary judgment – before moving to amend its complaint. NLC offers no reason for this additional delay. The Court concludes that NLC has failed to show good cause for extending the pleadings deadline. *See Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006) ("The primary

---

[4] *See* NLC's Brief in Support of Motion to Amend Complaint at 2 (docket number 24-2 at 2).

[5] In its earlier motion to continue the discovery and dispositive motions deadline, Cargill stated that seven depositions – including those of Marvin Ney, Maria Ney, the Neys' attorney, and four current and former employees of Cargill – were completed by May 5, 2010.

6

measure of good cause is the movant's diligence in attempting to meet the order's requirements.").

When a movant has failed to show good cause for an extension of the pleadings deadline, it is not necessary for the Court to consider prejudice to the nonmovant. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). Even if NLC had established good cause for failing to timely file its motion to amend the complaint, however, the Court nonetheless concludes that the motion should be denied after a consideration of the factors applicable to Rule 15(a). While leave to amend should be freely given when justice so requires, a party does not have an absolute or automatic right to amend. *Fairview Health System*, 413 F.3d at 749.

> [T]here is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility.

*Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (citing *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005)). Here, NLC's proposed amendment turns its earlier assertion on its head. That is, after asserting more than eight months ago that the dispute "does not arise out of an express written or oral contract," NLC now seeks to claim that the parties entered into "an express oral lease contract." This new assertion comes after the discovery deadline has passed, and after Cargill has filed its motion for summary judgment. *See Hammer v. City of Osage Beach*, 318 F.3d 821, 844 (8th Cir. 2003) (finding that the court did not abuse its discretion in denying a motion for leave to amend after discovery was complete and the defendants had filed a motion for summary judgment). Trial is just two months away. Clearly, Cargill would be prejudiced by the proposed late amendment, and the trial would be unduly delayed.[6]

---

[6] It should be recalled that when the shoe was on the other foot in the companion case, NLC argued that "[i]f the Court were to grant leave to amend at this late date [six months before the trial], the Plaintiff would be severely prejudiced as it would be unable
(continued...)

NLC's reliance on *Lewis v. J & M Partnership*, 2008 WL 4181157 (N.D. Iowa) is misplaced. There, the plaintiff filed a motion to amend the pleadings seven days after receiving discovery responses from defendants, clarifying the relationship between several inter-related business organizations. The information was not known to the plaintiff when the complaint was filed. The motion for leave to amend was filed just 16 days after the deadline for amending the pleadings, and 7 days after defendants produced discovery responses clarifying the business relationships. The case was in its early stages, with the discovery deadline, dispositive motions deadline, and trial far on the horizon.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Amend Complaint (docket number 24) filed by Plaintiff is hereby **DENIED**.

DATED this 3rd day of September, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[6](...continued)
to fairly do adequate discovery on these new claims under existing deadlines and firm trial date." *See Ney Leasing Corporation, Inc. v. Cargill Meat Logistics Solutions, Inc.*, 2:08-cv-01041-JSS (N.D. Iowa), Plaintiff's Brief in Support of Its Resistance to Defendant's Motion to Amend at 7 (docket number 26-1 at 7).

8